IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN GERARD WALLACE, § <br> Plaintiff, § <br> § <br> v.   § <br> § <br> UNITED STATES OF AMERICA, § <br> Defendant. § | No. 3:22-cv-01730-E (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ryan Gerard Wallace filed this *pro se* civil action on August 9, 2022. (ECF No. 3). Wallace failed to file his complaint on the court-approved form, and his complaint failed to comply with Federal Rule of Civil Procedure 8(a).[1] He also failed to pay the $402.00 filing fee or file a proper motion for leave to proceed *in forma pauperis*. Accordingly, on August 12, the Court sent Wallace a Notice of Deficiency and Order (ECF No. 4), which

---

[1] Rule 8(a) provides:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

ordered him to file his complaint on the court-approved form and in compliance with Federal Rule of Civil Procedure 8(a) and to pay the filing fee or file a proper request to proceed *in forma pauperis*. The Order informed Wallace that failure to respond and cure these deficiencies by September 12 could result in a recommendation that his case be dismissed. Wallace failed to respond, and the time for doing so has passed. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); accord *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Wallace failed to comply with the Court's order to file his complaint on the court-approved form and in compliance with Federal Rule of Civil Procedure 8(a) and to pay the filing fee or file a proper request to proceed *in*

*forma pauperis*. The Court cannot screen his claims and this litigation cannot proceed until he cures these deficiencies. In particular, Wallace appears to be a sovereign citizen, as he refers to himself as an "American Freeman and Private National Citizen." Compl. 8 (ECF No. 3). His 21-page, single-spaced complaint is nonsensical. And despite its length, Wallace has failed to set forth any specific legal claims or specify the relief he seeks from the Court. It is not clear that the Court even has jurisdiction over this action. Wallace also "tendered" a copy of a $1.00 bill to "cover the $5.00 filing fee." But the filing fee for any civil action (including the administrative fee) is $402.00. *See* https://www.txnd.uscourts.gov/fee-payment-schedule.

Wallace has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances. The Court should dismiss Wallace's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed September 14, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).